## A00A0303. ANDERSON v. THE STATE.
### (536 SE2d 540)

MILLER, Judge.

Stanley Bernard Anderson, along with co-defendants Moody and Davis, was tried before a jury and, notwithstanding his defense of justification, was found guilty of two counts of armed robbery, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon. Anderson's motion for new trial was denied, and this appeal followed. In four enumerations of error, Anderson challenges the sufficiency of the evidence and complains the trial court erred in (1) trying him jointly with his co-indictees, (2) expressing or intimating an opinion, and (3) denying a request for continuance to explore fingerprint evidence produced by the State in midtrial. We affirm.

1. For the reasons expressed in *Davis v. State*,[1] the appeal of Anderson's co-defendant, the evidence was sufficient under the standard of *Jackson v. Virginia*[2] to authorize the jury's verdicts that Anderson is guilty, beyond a reasonable doubt, as a party to the two armed robberies and the possession of a firearm during the commission of a felony. Anderson's prior burglary conviction authorized his separate conviction for possession of a firearm by a convicted felon, in that as a party to the crimes, he jointly possessed the shotgun used to rob Lawrence Price and Sherry Chaffin.[3] The enumeration of the general grounds is without merit.

2. Anderson next contends the trial court impermissibly expressed or intimated an opinion during the charge to the jury,[4] by

---

[1] 244 Ga. App. 345, 346 (1) (535 SE2d 528) (2000).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Coursey v. State*, 196 Ga. App. 135 (1) (395 SE2d 574) (1990) (whole court). Accord *Hindman v. State*, 234 Ga. App. 758, 763 (2) (507 SE2d 862) (1998).

[4] Ordinarily, an objection that OCGA § 17-8-57 was violated during trial will not be reached unless a timely objection or motion for mistrial is interposed. *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979). But objection to a violation of OCGA § 17-8-57 occurring during the charge to the jury is preserved by reserving exceptions to the charge. *Sims v. State*, 266 Ga. 417, 418 (2) (467 SE2d 574) (1996).

bringing "undue attention to the indictment accusing [Anderson] which was misleading and detrimentally prejudicial." After explaining the possible forms of the verdict, the trial court instructed:

> As previously stated . . . , each defendant is charged with three crimes, and each of these charges is represented by an indictment. . . . Now, I'm holding up for the record an indictment naming Stanley Bernard Anderson and accusing him of armed robbery. On the reverse side of this indictment is a form at the top that says, "We, the jury, find the defendant" blank. . . . In that blank, you would insert your verdict of guilty or not guilty, and it would be dated and signed by the person you elect as your foreperson. This would represent your verdict concerning that charge in that indictment against that defendant. The next indictment that I'm holding up charges Stanley Bernard Anderson with armed robbery, a second count, and the same would apply there. You would put your verdict for that charge against that defendant on the reverse side at the space indicated, and it would be filled in as guilty or not guilty, depending on what your verdict is, signed and dated by your foreperson, and this would be done for each of the nine indictments, three against each defendant, in this case.

The court's charge as a whole must be considered to determine whether there was a violation of OCGA § 17-8-57.[5] This Code section is violated only when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be.[6] Here, the trial court simply used two of the indictments against Anderson as examples of where to physically write the verdicts as to each and every charge against each of the three co-defendants. There is no intimation of what those verdicts should be. The court expressly disavowed any intent to bring special attention to Anderson, noting there are three indictments each against Moody and Davis as well. There is nothing subtly coercive or prejudicial by this example, and we conclude there was no violation of OCGA § 17-8-57.[7]

3. Anderson's justification defense was not compromised by his co-defendants. The trial court did not abuse its discretion in trying

---

[5] *Jones v. State*, 268 Ga. 12, 15 (5) (483 SE2d 871) (1997).

[6] *Mitchell v. State*, 190 Ga. 571, 572 (3) (9 SE2d 892) (1940). Accord *Jones v. State*, supra at 15 (5).

[7] Id.

the parties jointly.[8]

4. Anderson's remaining enumeration, complaining of the denial of his[9] request for a continuance in order to evaluate fingerprint evidence, is also controlled adversely to him by this Court's opinion in the appeal of co-defendant Davis.[10]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 27, 2000.

*Boyce, Ekonomou & Atkinson, Michael G. Lambros*, for appellant.

*Alan A. Cook, District Attorney*, for appellee.

---

[8] *Davis v. State*, supra at 347 (4).

[9] Anderson's citations to the record fail to indicate where, if at all, he joined in the purported request for a continuance made by counsel for co-defendant Davis.

[10] Id. at 347-348 (5). See *Saunders v. State*, 195 Ga. App. 810, 811 (5) (395 SE2d 53) (1990).